# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| GARY VALENTINE, Individually and on Behalf of All Others Similarly Situated, | Case No.: 18-cv-810 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| NORTH SHORE AGENCY, LLC, | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Gary Valentine is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family, or household purposes, namely a personal credit card debt.

5. Defendant North Shore Agency, Inc. ("North Shore") is a foreign limited liability company with its principal place of business located at 270 Spagnoli Road, Suite 110, Melville, New York 11747.

6. North Shore is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. North Shore is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Midland is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or around November 17, 2017, North Shore mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "The Bradford Exchange." A copy of this letter is attached to this complaint as Exhibit A.

9. Upon information and belief, the alleged debt referenced in Exhibit A was incurred for personal, family, or household purposes, specifically, the purchase of coins or other collectible items from The Bradford Exchange in which the balance was payable in installments. *See* https://www.bradfordexchange.com/service/billing-information.html#installmentPlans.

10. Upon information and belief, Exhibit A is also a form letter, generated by a computer, with the information specific to Plaintiff inserted by the computer.

11. Upon information and belief, Exhibit A is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

12. Exhibit A contains the following representations:

> You owe our client $49.95. Realize that we may continue to use these lawful means to collect that debtor amount owed. You have the ability to stop the collection of this valid debt. Send your check for full payment, payable to North Shore Agency , in the enclosed envelope.

13. Exhibit A thus creates the misleading impression that the only way the consumer may stop collection activities is to remit full payment to North Shore.

2

Case 2:18-cv-00810-NJ    Filed 05/25/18    Page 2 of 7    Document 1

14. Any representation indicating that the only way the consumer may stop collection activities is to remit full payment to North Shore is false, deceptive, and misleading to the unsophisticated consumer.

15. The FDCPA provides that, with few exceptions, "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt…" 15 U.S.C. 1692c(c).

16. Upon information and belief, if Plaintiff or any class member sends a written communication to North Shore demanding that North Shore cease communication, North Shore responds by closing the consumer's file, returning the consumer's file to the creditor, and not communicating with the consumer further.

17. Plaintiff was confused and misled by <u>Exhibit A</u>.

18. The unsophisticated consumer would be confused and misled by <u>Exhibit A</u>.

19. Plaintiff had to spend time and money investigating <u>Exhibit A</u> and the consequences of any potential responses to <u>Exhibit A</u>.

20. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of <u>Exhibit A</u>.

### *The FDCPA*

21. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to

protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated*

*Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

22. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

23. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. 15 U.S.C. § 1692e(5) specifically prohibits debt collectors from making a "threat to take any action that cannot legally be taken or that is not intended to be taken."

25. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

26. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

27. By indicating that remitting full payment is the only way to stop North Shore from continuing to collect the alleged debt referenced therein, Exhibit A includes representations that would be false, misleading, and deceptive to the unsophisticated consumer.

5

Case 2:18-cv-00810-NJ    Filed 05/25/18    Page 5 of 7    Document 1

28. By indicating that remitting full payment is the only way to stop North Shore from continuing to collect the alleged debt referenced therein, <u>Exhibit A</u> threatens to continue to attempted to collect the alleged debt even if the consumer submits a written request to cease collections.

29. Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between May 25, 2017 and May 25, 2018, inclusive, (e) that was not returned by the postal service.

31. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

32. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

33. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

34. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

35. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

36. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: May 25, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com